UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19 CR 330 |
| | 1:23 CV 673 |
| Plaintiff, | |
| | JUDGE DONALD C. NUGENT |
| v. | |
| GREGORY D. FRANKLN II, | |
| | MEMORANDUM OPINION |
| | AND ORDER |
| Defendant. | |

This matter comes before the Court upon Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF #152). The Government filed a Response opposing the Petition, and the Petitioner filed a Reply in support. (ECF #160, 161).  Mr. Franklin asserts a single ground for relief. He argues that, because he did not have a qualifying predicate conviction, the Court should not have imposed a section 851 enhancement; should not have sentenced him as a career offender; and should not have applied the Armed Career Criminal Act ("ACCA") designation when determining his sentence.

## Legal Standard

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to

collateral attack. *See* 28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426-27 (1962). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). The basis for relief must be alleged to be "an error of constitutional magnitude," "a sentence imposed outside the statutory limits;" or "an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003).

Generally, claims not raised before the district court or on appeal may not be raised on collateral review. *See, e.g., Massaro v. United States*, 538 U.S. 500, 504 (2003). Any claim which could have raised on direct appeal, but was not, is procedurally defaulted. *See, Bousley v. United States*, 523 U.S. 614, 621 (1998). Once a defendant has waived or exhausted his right to appeal, "we are entitled to presume he stands fairly and finally convicted." *Frady*, 456 U.S. at 164.

Procedural default may be overcome if a petitioner can show: (1) that he had good cause for not raising the claim earlier and would suffer "actual prejudice" if the case were not reviewed; or, (2) that he is actually innocent. *Bousley* at 622. A separate justification must be presented for each procedural default. *Frady* at 170. To demonstrate "good cause" a petitioner must ordinarily show "some external impediment preventing him from constructing or raising the claim." *Murray v. Carrier,* 477 U.S. 478, 492 (1986). An attorney's failure to recognize or raise the issue is not sufficient unless it rises to the level of constitutional ineffectiveness. *Coleman v. Thompson*, 501 U.S. 722, 753-55 (1991). Actual prejudice cannot be established by the mere possibility of prejudice, rather a petitioner must show that the error "worked to his actual and substantial disadvantage." *Frady* at 170; *see also, Ambrose v. Booker*, 684 F.3d 638, 651 (6th

Cir. 2012). To successfully override procedural default by way of an "actual innocence" claim, the defendant must show that it was "more likely than not that no reasonable juror would have convicted him, absent the error. *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995).

If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief). Further, if a petitioner makes on summary or conclusory legal arguments without providing specific supporting facts, a court may summarily dismiss the petition. *See Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972).

## Analysis

Mr. Franklin claims that his prior convictions for felonious assault and for committing other crimes "while armed with a deadly weapon" are not crimes that require "use of force" for purposes of applying the enhanced (A)(2) penalties, or the ACCA designation. Further he argues that his prior convictions do not qualify as violent crimes for purposes of applying Section 851. He also argues, without providing any supporting facts or analysis, that he does not have a serious drug offense that would qualify him for the higher penalties provided under the ACCA or Section 851.

3

A. Default

Mr. Franklin's due process claims are procedurally defaulted. He admits in his petition that he did not appeal his conviction or sentence based on the same arguments raised in his §2255 petition. (ECF #152, PageID #1594). Mr. Franklin did not challenge his sentence on direct appeal. *United States v. Hall*, 20 F.4th 1085, 1099-1107 (6th Cir. 2022). He has not raised a claim of actual innocence. (ECF #152). Therefore, to successfully override his procedural default he must show that he had good cause for not raising the claim earlier and would suffer "actual prejudice" if the case were not reviewed. *Bousley*, 523 U.S. at 622.

In this case, Mr. Franklin cannot establish either of these two predicates for review. His petition makes no excuse for not raising this claim on direct appeal. In his reply brief, he insinuates that he should be excused for not raising this issue on appeal because *United States v. Davis*, 139 S. Ct. 2319 (2019) established a new rule that should be applied retroactively to his case. *Davis* does not apply to Mr. Franklin's arguments. *Davis* invalidated 18 U.S.C. §924(c)(3)(B), which is not at issue in this case. Further, it did not discuss how courts are to view prior convictions for purposes of sentencing enhancements. Even if it did apply, however, *Davis* was decided prior to Mr. Franklin's sentencing and his appeal deadline.[1] Because any argument he could have raised under *Davis* was available to him at the time of his original sentencing and appeal, the potential retroactivity of *Davis* does not establish good cause for failing to raise these issues previously. Because Mr. Franklin has not provided any basis upon which this Court could find that he had good cause for failing to raise the issues underlying his

---

[1]The other cases Mr. Franklin relies on in his original petition also were decided prior to his sentencing, and, therefore would have been available to him on direct appeal. He makes no attempt to explain why he, nonetheless, did not raise these issues on appeal.

§2255 claims on direct appeal, he cannot overcome the procedural default.

Mr. Franklin also cannot establish actual prejudice from any error based on an alleged misapplication of the armed career criminal designation or the career offender designation. The ACCA designation would have automatically placed him in a criminal history VI. However, Mr. Franklin's natural criminal history points already placed him in the level VI category, so the designation had no effect on his criminal history category. It also would have increased his offense level from a 32 to a 37 under 18 U.S.C. §§ 4B1.4(b)(1), (b)(2). His offense level was already increased to a 37, however, because he was also designated a career offender. (ECF #98). Therefore, his designation as an armed career criminal had no practical effect on his sentence, and any error in such designation caused no actual prejudice. In turn, his career criminal designation, even if made in error, caused no actual prejudice because he was sentenced to less than the guideline range for his offense level. Although the guideline sentence for a level 37, criminal history VI is 360 months to life, Mr. Franklin received a sentence of 300 months (the equivalent of his mandatory statutory minimum) for all of the §841(a)(1) offenses (Counts 1, 8, 9, and 10). This sentence was imposed, not based on the guidelines, but on the mandatory statutory minimum for counts one and eight, which was twenty-five years. Thus, the only sentencing calculation mentioned in the petition that acutally affected Mr. Franklin's sentence was the statutory minimum sentence for Counts 1 and 8. That minimum was enhanced from 10 years to 25 years under 21 U.S.C. §§841(b) and 851 because he had at least two predicate convictions. These included convictions for violating O.R.C. Section 2925.03(A)(2) on or about March 21, 2013, and on or about March 13, 2007. Mr. Franklin stipulated to these convictions as part of the trial in this case. (ECF #84). He did not dispute these convictions at sentencing and

did not appeal their application on direct appeal. There is no dispute that the charging documents for each of these convictions tracked the statutory language of subsection (A)(2), thereby charging him with violations of subsection (A)(2). *See, United States v. Hibbit*, 524 F.App'x 594, 598 (2013); *United States v. Armes*, 953 F.3d 875, 880 (6th Cir. 2020). There is also no dispute that subsection (A)(2) qualifies as a predicate offense. *United States v. Smith*, 960 F.3d 883, 889 (6th Cir. 2020). Therefore, there is no basis whatsoever to challenge the increase in his mandatory statutory minimum on Counts One and Eight. In addition, Mr. Franklin was subject to a mandatory statutory minimum five years consecutive sentence on the firearm charge in Count 11. Because all other counts were concurrent to these statutorily imposed minimum sentences, even if Mr. Franklin had established good cause for his procedural default, his petition would fail on the merits.

## **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Mr. Franklin has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

Because the files and records in this case conclusively show that Petitioner is entitled to

no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #152) is DISMISSED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: October 24, 2023