UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19 CR 330 |
|  | ) | 1:23 CV 673 |
| Plaintiff, | ) |  |
|  | ) | JUDGE DONALD C. NUGENT |
| v. | ) |  |
|  | ) |  |
| GREGORY D. FRANKLIN II, | ) |  |
|  | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Defendant. | ) |  |

This matter comes before the Court upon Defendant Petitioner's Amended Motion for relief under 28 U.S.C. §2255. (ECF #179). The Government filed a Response in opposition, and the Defendant filed an Objection to the Government's Response. (ECF #184, 185).

## Background

Following a jury trial, Gregory Franklin II was convicted of: one count of Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §846 (Count One); one count of Possession with Intent to Distribute Controlled Substance in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A) (Count 8); one count of Possession with Intent to Distribute Cocaine in violation of 21U.S.C. §§841(a)(1) and (b)(1)(B)(Count 9); one count of Felon in Possession of Firearm and Ammunition in violation of 18 U.S.G. §§922(g)(1) and 924(a)(2)(Count 10); and, one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(Count 11). (ECF #79). He was sentenced to the statutory mandatory minimum sentence of 360 months, including 300 months each on Counts 1 and 8, 120 months on Count 9,

and 180 months on Count 10, all to run concurrently. On Count 11, Mr. Franklin received a sixty month sentence that was required to run consecutively to the other Counts. (ECF #109, 112).

Mr. Franklin filed a direct appeal. The only issue he raised on appeal was the denial of his Motion to Suppress evidence. The Sixth Circuit Court of Appeals affirmed. (ECF #150, 151). Mr. Franklin then filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. §2255. (ECF #152). In this original §2255 motion, Mr. Franklin asserted a single ground for relief. He argued that, because he did not have a qualifying predicate conviction, the Court should not have imposed a section 851 enhancement; should not have sentenced him as a career offender; and should not have applied the Armed Career Criminal Act ("ACCA") designation when determining his sentence. The Court found that these claims were procedurally defaulted and, therefore, dismissed the motion.

Approximately a month after that motion was dismissed, Mr. Franklin filed a Motion to File Relation Back under Fed. R. Civ. P. 15(c)(1)(B). (ECF #164). The Motion for Relation Back sought to add claims for ineffective assistance of trial and appellate counsel claim which could provide a showing of "good cause" to overcome the procedural default. Specifically, Mr. Franklin sought to add claims that both trial and appellate counsel were ineffective for failing to rais object to his §851 sentencing enhancement. Days later, before any response was filed, Mr. Franklin also filed an appeal of the trial court's decision dismissing the original §2255 motion for procedural default. (ECF #165).

Once an appeal was pending, the Court dismissed the Motion for Relation Back without prejudice because the appeal stripped the trial court of jurisdiction over the matter. (ECF #172). Mr. Franklin then voluntarily dismissed the appeal to reinstate this Court's jurisdiction over the

2

Relation Back motion. (ECF #74). Mr. Franklin subsequently filed a Motion to Re-open and this Court granted him permission to file an amended motion to vacate under §2255 that "shall incorporate all relevant claims referenced in the filings related to his Motion to File Relation Back which have not otherwise been resolved." (ECF #175; 178, PageID 1699).

Now before the Court is an Amended Motion for Relief under 28 U.S.C. §2255.

### Timeliness/RelationBack

Mr. Franklin's Amended motion is untimely unless it can be related back to his origianl filing. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that § 2255 petitions be filed within one year of the finalization of the conviction. 28 U.S.C. § 2255(f); see also, *In re Hanserd*, 123 F.3d 922, 924, 932 (6th Cir. 1997). Specifically, the statute provides as follows:

> (f) A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4). Mr. Franklin was sentenced on October 15, 2020. The judgment was docketed on the next day. His direct appeal was complete on March 2, 2022. Because he did not file a request for certiorari with the United States Supreme Court, his judgment became

3

final for purposes of §2255(f)(1) when his right to further appeal expired. Mr. Franklin did not file the instant motion until July 1, 2024. Nothing in his petition raises the potential for relief under subsections (2) through (4) of § 2255(f). It is, therefore, untimely unless it can be related back to his original request for §2255 relief.

A motion to relate back must be filed withing the sixty day period allowed for filing an appeal. Mr. Franklin's original relation back request was, therefore, timely. The Court also granted an extension of time during which Mr. Franklin could submit an amended Motion for §2255 relief, so long as the grounds were limited to "all relevant claims referenced in the filings related to his Motion to File Relation Back which have not otherwise been resolved,"

Mr. Franklin's Amended §2255 motion lists three numbered issues, that incorporate four claims for relief: (1) trial and appellate counsel was ineffective for not rasing 851 enhancement during sentencing and on direct appeal (Counts 1 and 8); (2) trial and appellate counsel was ineffective for not raising double jeopardy violation in counts 8-9 during sentencing or direct appeal; (3) trial and appellate counsel was ineffective for not raising §922(g) unconstitutional under *Rehaif* and *Bruen* on Count 10; (4) trial and appellate counsel was ineffective for not challenging his status an ACCA Offender under *Erliinger v. United States*.

The second and third claims in Mr. Franklin's Amended motion cannot properly be related back to his original filing, as they were not referenced in the filings related to his Motion to File Relation Back. There was no mention of any double jeopardy claim, or constitutional challenge to the felon in possession laws.[1] To be considered, these issues would have to be

---

[1] The Sixth Circuit has recognized that 18 U.S.C. §922(g) is constitutional on its face, and as applied to dangerous persons. *See, e.g., United States v. Williams*, 113 F.4th 637 (6th Cir. 2024); *United States v. Garrison*, 2024 U.S. App. Lexis 31174 (6th Cir, Dec. 19, 2024). There is

4

submitted as second or successive claims under 28 U.S.C. §2255(h). A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h). This Court cannot properly consider second or successive motions unless the Sixth Circuit certifies them for review. *See, e.g., In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Claims One and Four, are timely filed within the extension granted by the Court for filing relation back claims because they relate to claims referenced in the Motion to File Relation Back which have not otherwise been resolved.

## Analysis

As explained in the Court's denial of Mr. Franklin's original §2255 motion, his claims relating to sentencing and ineffective assistance of trial counsel are procedurally defaulted. Procedural default may be overcome if a petitioner can show: (1) that he had good cause for not raising the claim earlier and would suffer "actual prejudice" if the case were not reviewed; or, (2) that he is actually innocent. *Bousley* at 622. A separate justification must be presented for each

---

no question Mr. Franklin qualifies as a dangerous person for purposes of applying 18 U.S.C. §922(g). The Court may look beyond the predicate offense for evidence of dangerousness. *Williams*, 113 F.4th 657. Mr. Franklin has an extensive and violent criminal history, including convictions for aggravated robbery, assault, and trafficking offenses.

5

procedural default. *Frady* at 170. To demonstrate "good cause" a petitioner must ordinarily show "some external impediment preventing him from constructing or raising the claim." *Murray v. Carrier,* 477 U.S. 478, 492 (1986).

Mr. Franklin argues that his trial and appellate counsel were ineffective for failing to challenge his eligibility for the §851 enhancement, and his designation as an armed career criminal following the decision in *Erlinger*. An attorney's failure to recognize or raise an issue does not constitute good cause unless it rises to the level of constitutional ineffectiveness. *Coleman v. Thompson*, 501 U.S. 722, 753-55 (1991). "The Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable or constitutional claim." *Engle v. Isaac*, 456 U.S. 107, 134 (1982). Further, attorneys have no duty to pursue frivolous arguments. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011).

To prove ineffective assistance of counsel, Mr. Franklin would have to be able to establish not only that his counsel erred to the point of incompetence, he would have to show that his counsel's errors prejudiced the outcome of his trial. An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Counsel is only ineffective under the Constitution if their performance was prejudicial to the defense. *Id.* at 692. To have an actionable claim for ineffective assistance, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

6

A. Claim 1: Ineffective Assistance of Trial and Appellate Counsel for failing to challenge the 851 enhancement during sentencing and on direct appeal

At sentencing, Mr. Franklin received an enhancement under 21 U.S.C. §§841(b) and 851 that increased his statutory mandatory minimum sentence from ten years to twenty-five years on Counts 1 and 8. The enhancement was applied because he stipulated to having at least two predicate convictions for F1 trafficking in violation of O.R.C. §2925.03(A)(2). (ECF #84: Stipulations, PageID 395-96). The Sixth Circuit has consistently recognized that violations of O.R.C. §2925.03(A)(2) "falls safely within" the scope of U.S.S.G. §4B1.2(b)'s definition of a "controlled substance offense," because it cannot be violated by mere attempts or conspiracies. *United States v. Smith*, 960 F.3d 883, 889 (6th Cir. 2020). Other circuits have also agreed that O.R.C. §2925(A)(2) offenses constitute controlled substance offenses under §851. *See., e.g., United States v. Walker*, 858 F.3d 196, 201 & n. 4 (4th Cir. 2017); *United States v. Fuentes-Oyervides*, 541 F.3d 286, 288 (5th Cir. 2008); *United States v. Miles*, 266 F.App'x 534, 536 (9th Cir. 2008); *United States v. Karam*, 496 F.3d 1157, 1167 (10th Cir. 2007). There can be no dispute based on the charging documents and the applicable penalties that Mr. Franklin's convictions under O.R.C. §2925(A)(2) are felonies of the first degree, and that they qualify as predicate convictions for the §851enhancements. See O.R.C. §2929.14(A)(1)(b). Thus, even without considering his prior convictions for aggravated robbery and assault, he qualified for the §851 enhancement.

Because he qualified for the enhancement even without consideration of the aggravated robbery and assault convictions, any failure to challenge the robbery and assault as appropriate predicate offenses was non-prejudicial. An ineffective assistance of counsel claim cannot stand

7

unless Mr. Franklin could establish not only that his counsel erred to the point of incompetence, but also that his counsel's errors prejudiced the outcome of his trial. An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Counsel is only ineffective under the Constitution if their performance was prejudicial to the defense. *Id.* at 692. Because Mr. Franklin was subject to the §851 enhancement even without the aggravated robbery and assualt convictions, his counsel's failure to challenge those convictions as appropriate predicate offenses was neither incompetent nor prejudicial.

    B.    <u>Claim 4: Ineffective Assistance of Trial and Appellate Counsel for failing to challenge ACCA status under Erlinger v. United States, 2024 U.S. Lexis 2715 (S. Ct. No. 23-370, June 21, 2024).</u>

As for issue 4, Mr. Franklin cannot base his claim for ineffective assistance of trial and appellate counsel on *Erlinger v. United States*, 144 S. Ct. 1840(2024), as that decision was issued after his appeal had been completed. The Sixth Circuit has "repeatedly held that counsel is not ineffective for failing to predict developments in the law." *See Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019). Therefore, Mr. Franklin's counsel were not ineffective for challenging his ACCA designation on the grounds established by *Erlinger*. Further, *Erlinger* held that ACCA predicate offenses must have been "committed on occasions different from one another under 18 U.S.C. §924(e)(1). The record in this case shows that Mr. Franklin's ACCA predicate offenses occurred on different days. In fact he was arrested separately on each offense and spent years in prison between each conviction. His aggravated assault and robbery occurred on December 26, 2004; his first F1 trafficking charge occurred on January 17, 2007; and, his

second F1 trafficking offense occurred on October 2, 2012. There is nothing in the record to suggest that *Erlinger* would have had any effect on his sentence. Therefore, his counsel's failure to raise the issue was not prejudicial to him in any way.

For the reasons set forth above, Mr. Franklin's Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. §2255 is Denied in Part. Mr. Franklin's claims for ineffective assistance of trial and appellate counsel with regard to challenging his §851 enhancement (Statement of Issues I), and his ACCA designation post-Erlinger (Statement of Reasons III) are DENIED. (ECF #179). The remaining issues, set forth in Statement of Issues II, and the first part of Statement of Issues III, are properly considered second or supplemental claims which cannot be addressed absent certification from the Sixth Circuit. 28 U.S.C. §2255(h); *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007). These remaining claims are, therefore, transferred to the Sixth Circuit pursuant to 28 U.S.C. §1631. " *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

9

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Mr. Franklin has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

Because the files and records in this case conclusively show that Petitioner is entitled to

no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #179), is DENIED in part and Transferred in part. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

                                                DONALD C. NUGENT
                                                United States District Judge

DATED: January 31, 2025