# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.    1:19 CR 330 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY D.FRANKLIN, II, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Gregory Franklin II's Motion to Alter or Amend Judgment Under Rule 59. (ECF #188). Mr. Franklin asks this Court to Alter or Amend its Judgment dated January 31, 2025, which denied in part, and transferred in part, his Amended Motion under 28 U.S.C. §2255. (ECF #186, 187). Fed. R. Civ. P. 59(e) can address judgments stemming from habeas motions if the motion is brought within 28 days of the judgment. Mr. Franklin's motion is timely, and will be addressed below.

Mr. Franklin seeks relief pursuant to three cases, none of which apply to the circumstances of his case. Initially, Mr. Franklin argues that the judgment should be amended because the United States Supreme Court has accepted certiorari in the case of *Rivers v. Lumpkin*, No. 21-11031 (5th Cir. 2024). In *Rivers*, the Fifth Circuit held that a second-in-time request for additional relief under 28 U.S.C. §2254 that was filed while the denial of the first-in-

time §2254 motion is on appeal, constitutes a second or successive motion subject to the

certification requirements in §2244(b)(3)(A).  Unless and until the United States Supreme Court

decides otherwise, the Fifth Circuit opinion stands and it does not support Mr. Franklin's

argument.  He cannot seek relief based solely on his anticipation that the United States Supreme

Court may, in the future, decide to overturn this holding.

Further, even if *Rivers v. Lumpkin* is eventually overturned, it does not support any relief

in Mr. Franklin's case.  In his case, Mr. Rivers seeks to have his second-in-time motion under

§2254, construed as an amendment to his original motion, rather than a second or successive

motion.  He argues that because his appeal of the denial of his first-in-time motion was still

pending, the decision was not final and his second-in-time filing was an amendment and not a

second request as contemplated by the statute.   Mr. Franklin, on the other hand, voluntarily

dismissed his appeal of the decision on his first-in-time motion before he attempted to add new

claims to his amended §2255 motion.  The claims appropriately raised and within the relation

back period were accepted as amendments and were addressed on the merits.  The claims that

were transferred to the Sixth Circuit were not timely raised, and were not raised while any appeal

was pending.  Therefore, Mr. Franklin's case is distinguishable from Mr. Rivers's case and will

not be affected by the decision in *Rivers v. Lumpkin*, whatever its outcome.

The other two cases Mr. Franklin cites to support his request for relief are also

inapplicable to the circumstances of his case.  *In Re Buckmon*, 2024 U.S. App. Lexis 15891 (6ht

Cir., June 28, 2024), and *Castro v. United States*, 124 S. Ct. 786 (2003), both stand for the

proposition that a Court may not re-characterize a request for relief that is not labeled as a §2255

motion without providing the filer an opportunity to amend the request to include all relevant

claims they may have under §2255, and without providing notice that any second or successive claims not originally included may be subject to certification requirements under the statute.

This Court did not re-characterize any claim made by Mr. Franklin. He filed his original request as a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. He even used a specific form made for inmates who wish to file a motion under §2255. He knew he was filing under 28 U.S.C. §2255, and was, therefore, bound by the rules that apply to such motions. In addition, the Court did allow him to amend his original motion to include other claims that he timely raised and that could be related back to the original filing date. Therefore, the holdings in *Buckmon* and *Castro* have no bearing on Mr. Franklin's case.

For the reasons set forth above, Mr. Franklin has not provided any facts or legal arguments that would support alteration or amendment of the Court's prior Judgment, dated January 31, 2025. His motion is, therefore, DENIED. (ECF #188).

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: February 25, 2025

3